
FILED
John E. Triplett, Acting Clerk
United States District Court

By CAsbell at 4:47 pm, Jun 29, 2020

# In the United States District Court for the Southern District of Georgia Brunswick Division

| | |
|---|---|
| JENNIFER JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>EFRIEDRICH SOUTHEAST GEORGIA,<br>LLC d/b/a FIRST LIGHT HOME CARE<br><br>    Defendant. | No. 2:19—CV-101 |

## ORDER

    This matter is before the Court on a motion by Defendant Efriedrich Southeast Georgia, LLC d/b/a/ First Light Home Care ("First Light") to dismiss the "Corrected Amended Complaint" (the "Amended Complaint") filed by Plaintiff Jennifer Johnson. Dkt. No. 13. The matter has been fully briefed and is ripe for review. For the reasons below, First Light's Motion will be **GRANTED in part and DENIED in part.**

    In her Amended Complaint, Jennifer Johnson alleges that from April 2015 to April 2019 she was employed as a "care coordinator" for First Light, an "enterprise engaged in commerce" as that term is defined under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.  Dkt. No. 7 ¶¶ 4-6. She states that during her tenure with First Light, she "generally worked about sixty hours

per week, in addition to the time worked while assigned to answer the telephone at her home or while on duty on weekends." Id. ¶ 6. She contends that she was "paid on a salary basis, and never received any additional compensation for overtime except for receiving twenty dollars while she was required to answer a telephone . . . while at her home for entire nights, and during instances when she was paid $150.00 for being on call during three-day weekends." Id. ¶ 7. She alleges that these payments "were substantially less than the hourly rate for overtime which the Plaintiff should have been paid, since the Plaintiff's overtime rate of compensation should have been $35.25 per hour." Id. ¶ 9.

Plaintiff contends that under the FLSA, she should have been paid "an overtime premium of one-half[1] of the hourly rate for each hour worked in excess of forty hours in any given week." Id. ¶ 8. She now seeks liquidated damages under the FLSA for unpaid wages and overtime for the three years proceeding the filing of her action, as well as attorney's fees. Id. ¶¶ 11-13. Plaintiff also contends that First Light's failure to pay her wages "constitutes a breach of contract" and that pursuant to that breach she "is entitled to recover for unpaid wages . . . as well as for all

---

[1] The FLSA provides that covered employees are entitled to an overtime premium of "one and one-half times the regular rate." 29 U.S.C. § 207(a). The Court will assume that Johnson intended to convey that she was entitled to this rate for her overtime worked rather than half of her regular rate.

2

accumulated sick leave, vacation pay, and other benefits of employment." Id. ¶ 14.

In its Motion to Dismiss, First Light argues that Johnson has not plead sufficient facts to support a claim for overtime pay under the FLSA or to support a claim for breach of contract. Dkt. No. 13-1.[2] Though the Court agrees that Johnson's Amended Pleading does not allege facts sufficient to state a viable theory of recovery for breach of contract, she has alleged a cognizable claim under the FLSA.

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12 of the Federal Rules of Civil Procedure, a pleading must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In determining whether a plaintiff has met this pleading requirement, the Court accepts the allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiff. Ray v. Spirit Airlines, Inc., 836 F.3d

---

[2] In its Motion to Dismiss the Amended Complaint, First Light incorporates, by reference, its memorandum in support of its Motion to Dismiss Johnson's original complaint. Dkt. No. 4-1. The Court will consider arguments raised in both motions.

3

1340, 1347 (11th Cir. 2016). However, the Court does not accept as true threadbare recitations of the elements of the claim and disregards legal conclusions unsupported by factual allegations. Iqbal, 556 U.S. at 678-79. At a minimum, a complaint should "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282–83 (11th Cir. 2007) (per curiam) (quoting Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001)).

## DISCUSSION

First Light argues that Johnson's factual allegations with respect to her FLSA claims are not adequately specific to survive a motion to dismiss. Specifically, First Light contends that Johnson's allegations about overtime and on-call hours do not indicate which weeks she performed overtime, nor do they specify how often she worked on-call or how many on-call hours she worked. First Light also argues that Johnson offered "no basis" for her contention that she was owed $35.25 per hour in overtime premium payments. Dkt. No. 13-1 at 2. The Court finds that these omissions are not sufficient to justify dismissal of Johnson's FLSA claims under Rule 12.

In pertinent part, the FLSA provides that a covered employer shall not

>employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1). Accordingly, to state a claim for relief under the FLSA, Johnson must simply show "(1) [s]he [was] employed by the defendant, (2) the defendant engaged in interstate commerce, and (3) the defendant failed to pay h[er] minimum or overtime wages." Freeman v. Key Largo Volunteer Fire & Rescue Dep't, Inc., 494 Fed. App'x 940, 942 (11th Cir. 2012) (citing Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1277 n.8 (11th Cir. 2008)).

First Light does not challenge the sufficiency of Johnson's Amended Complaint as to the first two elements. Rather, First Light argues that the Amended Complaint does not provide enough factual detail to support the contention that it failed to pay Johnson overtime wages. Ultimately, the allegations necessary to satisfy the elements of an FLSA claim are "quite straightforward." Sec'y of Labor v. Labbe, 319 Fed. App'x 761, 763 (11th Cir. 2008)[3]. This

---

[3] First Light argues that this Court should disregard Labbe not only because it is an unpublished opinion but also because it was decided before Iqbal, after which many courts rejected Labbe's seemingly relaxed standard for pleading FLSA claims. However, regardless of whether Labbe's particular approach to FLSA pleadings continues to be good law, it nonetheless remains true that the elements of an overtime claim itself are "straightforward." Indeed, while the pleading requirements for an FLSA action are no less stringent than those of any other cause of action, the elements of an overtime claim are basic enough such that pleadings for those claims are likely to be more simple and less factually cumbersome than, for example, the claims in Iqbal concerning a class-action restraint-of-trade conspiracy.

5

Court finds the Second Circuit's formulation in Lundy most instructive: "to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." Lundy v. Catholic Health Sys. Of Long Island, Inc., 711 F.3d 106, 114 (2nd Cir. 2013). Here, Johnson has alleged that from April 2015 to April 2019 she generally worked sixty hours per week, well in excess of the FLSA's forty-hour-per-week threshold, and that First Light never paid her overtime for those hours. See Dkt. No. 7 ¶¶ 5-7. She further alleged that in addition to her typical sixty-hour-per-week load, she at least occasionally worked "entire nights" or remained on-call "during three-day weekends" for which she was only compensated $20.00 and $150.000, respectively. See id. ¶¶ 6-7. She also specified that, based on her regular hourly rate, her overtime pay should have been $35.25 per hour. See id. ¶ 9.[4] These allegations are more than "a formulaic recitation of the elements" and are sufficient to plausibly establish that Johnson worked overtime hours for which she was not compensated in contravention of the FLSA. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). Accordingly, the Court finds that Johnson

---

[4] First Light's argument that Johnson offers "no basis" for her overtime rate is confounding. Dkt. No. 13-1 at 2. Using some simple math, we can infer that Johnson's hourly rate was $28.20 per hour. The fact that Johnson characterizes her payment as made on a "salary basis," dkt. no. 7 ¶ 7, does not necessarily mean she was not entitled to overtime pay under the FLSA. See 29 C.F.R. 778.113.

has stated a claim for relief based on a violation of the FLSA's overtime provisions.

However, the Court finds that Johnson has not stated a breach of contract claim. Even assuming her employment relationship with First Light implied the existence of an oral or written contract, she has not alleged any particular provision of a contract that First Light breached by failing to compensate her for overtime hours. Instead, Johnson alleges, in a single paragraph, that "the failure of the Defendant to pay the Plaintiff for all of her hours worked constitutes a breach of contract." Dkt. No. 7 ¶ 14. Nevertheless, failure to pay overtime hours in violation of the FLSA does not necessarily give rise to a breach of contract claim. Indeed, First Light could have contracted to pay Johnson an hourly or annual rate that would remain steady regardless of total hours worked. In such a case, First Light's failure to pay an overtime premium—though perhaps illegal under the FLSA—would not constitute a breach of contract. Accordingly, the Court finds that Johnson has not alleged claims that plausibly entitle her to relief under a breach of contract theory.

## CONCLUSION

For the reasons above, First Light's Motion to Dismiss, dkt. no 13, is **GRANTED in part** and **DENIED in part**. Specifically, First Light's motion to dismiss Johnson's cause of action for breach of

contract is **GRANTED** but its motion to dismiss her cause of action under the FLSA is **DENIED**.

**SO ORDERED**, this 29th day of June, 2020.

```
                          _____
                          HON. LISA GODBEY WOOD, JUDGE
                          UNITED STATES DISTRICT COURT
                          SOUTHERN DISTRICT OF GEORGIA
```