UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| JENNIFER JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 2:19-CV-00101 |
| v. ) | |
| ) | |
| EFRIEDRICH SOUTHEAST ) | |
| GEORGIA, LLC, D/B/A ) | |
| FIRST LIGHT HOME CARE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**JOINT MOTION FOR APPROVAL OF SETTLEMENT
AND DISMISSAL WITH PREJUDICE**

COMES NOW Plaintiff JENNIFER JOHNSON (hereinafter "Plaintiff") and Defendant EFRIEDRICH SOUTHEAST GEORGIA, LLC, D/B/A FIRST LIGHT HOME CARE (hereinafter "Defendant"), by and through their undersigned counsel, and respectfully request judicial approval of the negotiated settlement between the Parties, and dismissal with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), showing as follows:

**FACTUAL BACKGROUND**

On August 30, 2019, Plaintiff initiated this action to recover alleged unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. and damages for breach of contract. Defendant filed a Motion to Dismiss (Doc. 4) and Plaintiff filed an Amended Complaint(Doc. 5). Defendant filed a Motion to Dismiss the Amended Complaint (Doc. 13), which the Court granted in part and denied in part (Doc. 21). The Court dismissed the breach of contract claim, but allowed the FLSA claim to move forward. Defendant answered, denying all claims and contending Plaintiff was paid all compensation owed (Doc. 22). Following written

1

discovery, in February 2021, the Parties agreed to a settlement and proceeded to finalize the terms of that settlement in a written document. See Settlement Agreement, attached as Exhibit "A."

## ARGUMENT AND CITATION OF AUTHORITY

In instances where an employee brings suit directly against his employer under Section 216(b) to recover wages for FLSA violations, "the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350 (11th Cir. 1982). The Court should approve the settlement if (1) the compromise is fair and reasonable to the employee and (2) furthers the implementation of the FLSA in the workplace. Wingrove v. D.A. Techs., Inc., Civil Action No. 1:10-CV-3227-HLM-WEJ, 2011 WL 7307626, *3-4 (N.D. Ga. Feb. 11, 2011). Notably, courts have recognized a "'strong presumption' in favor of finding a settlement fair." Id.

### A. The settlement is fair and reasonable

In determining whether the settlement is fair and reasonable, the Court may consider the following factors:

(1) the existence of fraud or collusion behind the settlement;

(2) the complexity, expense, and likely duration of the litigation;

(3) the stage of the proceedings and the amount of discovery completed;

(4) the probability of plaintiff's success on the merits:

(5) the range of possible recovery; and

(6) the opinions of the counsel.

Leverso v. S. Trust Bank of Ala., Nat. Assoc., 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); Dees v. Hydradry, Inc., 706 F. Supp. 2d 1227, 1240 (M.D. Fla. 2010); Fresco v. Auto Data

Direct, Inc., No. 03-61063-CIV, 2007 WL 2330895, *17-18 (S.D. Fla. May 11, 2007) (explaining that the support of experienced counsel for settlement is an indication that the settlement is fair and reasonable, and "weighs strongly in favor of approval").

Here, the proposed Settlement Agreement is a fair and reasonable resolution of a bona fide dispute. The Parties have been represented by counsel experienced in the litigation of FLSA claims. Further, the settlement amount and the final Settlement Agreement were agreed upon after the Parties had enaged in written discovery and arms-length negotiations. Moreover, there has been no collusion, fraud, or any other inappropriate conduct by the Parties. In addition, the proposed Settlement Agreement is fair and reasonable given the odds of obtaining a more favorable resolution at trial and the financial risks of continued litigation.

As to these factors, Defendants have proffered evidence that Plaintiff was subject to certain exemptions under the FLSA. While Plaintiff disputes this as a factual matter, the ultimate resolution is unknown and would require significant effort and expense in continued discovery to determine.

**B. The settlement furthers the implementation of the FLSA**

In determining whether the settlement furthers the implementation of the FLSA, the Court considers various "external or contextual factors" such as the likelihood that the alleged violations will recur. See Dees, 706 F. Supp. 2d at 1243-44.

Entering into the proposed Settlement Agreement does not frustrate the implementation of the FLSA. There is no likelihood that Plaintiff's circumstances will recur, and the Settlement Agreement is not being filed under seal.

WHEREFORE, for all the forgoing reasons, the Parties jointly request that the Court (1) grant this Joint Motion for Approval of Settlement Agreement and (2) dismiss this case in its

entirety, with prejudice, but retain jurisdiction as necessary to enforce the Parties' settlement. The Parties are available at the Court's convenience for a teleconference to discuss the settlement terms should the Court deem such a conference necessary.

Respectfully submitted this 26th day of February, 2021.

| | |
|---|---|
| /s/ W. Douglas Adams | /s/ Alyssa K. Peters |
| Counsel for Plaintiff | Counsel for Defendant |
| | |
| W. DOUGLAS ADAMS | ALYSSA K. PETERS |
| Georgia Bar No. 004650 | Georgia Bar No. 455211 |
| | PATRICIA-ANNE UPSON |
| | Georgia Bar No. 564294 |
| | |
| W. DOUGLAS ADAMS | CONSTANGY, BROOKS, SMITH |
| ATTORNEY AT LAW | & PROPHETE, LLP |
| 1829 Norwich Street | 577 Mulberry Street, Suite 710 |
| P.O. Box 857 | P.O. Box 1975 |
| Brunswick, GA 31521 | Macon, Georgia 31201 |
| (912) 265-1966 | (478) 750-8600 |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the Joint Motion for Approval of Settlement and Dismissal with Prejudice was e-filed with the Court's ECF system and the same will be sent to the following attorneys of record via E-Mail:

W. Douglas Adams
1829 Norwich Street
P.O. Box 857
Brunswick, GA 31521
wdadams@wdalaw.biz

This 26th day of February, 2021

                                              CONSTANGY, BROOKS, SMITH
                                              & PROPHETE, LLP

                                              /s/ Alyssa K. Peters
                                              ALYSSA K. PETERS
                                              Georgia Bar No.455211

                                              Counsel for Defendant

577 Mulberry Street, Suite 710
P.O. Box 1975
Macon, GA 31202-1975
(478) 750-8600
apeters@constangy.com