# SETTLEMENT AGREEMENT AND RELEASE

This **SETTLEMENT AGREEMENT AND RELEASE** is hereby made by and among Plaintiff, Jennifer Johnson (hereinafter referred to as "Plaintiff") and Defendant Efriedrich Southeast Georgia, LLC, d/b/a First Light Home Care, its owners, agents, affiliates, managers, supervisors, employees, attorneys, representatives, insurers, successors and assigns ("Defendant").

**WHEREAS**, on August 30, 2019, Plaintiff filed a Complaint in the Southern District of Georgia, Brunswick Division, (Case No. 2:19-CV-00101) alleging failure to pay overtime wages in violation of the Fair Labor Standards Act and other allegations;

**WHEREAS,** Defendant denies any and all liability whatsoever to Plaintiff and makes no concessions as to the validity of the claims asserted in the Complaint; and,

**WHEREAS**, Plaintiff and Defendant desire to resolve fully and finally any and all claims and/or disputes arising from or relating to the Complaint, in an amicable manner without the uncertainties and expenses involved in further litigation; and,

**WHEREAS,** Plaintiff and Defendant, with assistance of counsel, have reached a complete resolution in full and without compromise intended to finally resolve their dispute; and,

**WHEREAS** Plaintiff and Defendant desire that said resolution be reduced to writing and set forth herein;

**NOW, THEREFORE,** in consideration of the premises and promises contained herein, and in an effort to buy peace, resolve disputed claims and to finally resolve all issues between Plaintiff and Defendant, the Parties agree as follows:

1.   In consideration of the payment by Defendant of Nineteen Thousand Dollars ($19,000.00), payable as follows:

   a.   To Plaintiff, in the amount of Twelve Thousand Fifty and 00/100 Dollars ($12,050.00), less all required federal and state withholdings, representing back wages (IRS Form W-2 to be issued to Plaintiff in connection with said payment). Said payment will be made in three installments. The first payment of Four Thousand Fifty Dollars ($4,050.00) shall be delivered to Plaintiff's attorneys, W. Douglas Adams, P.O. Box 857, Brunswick, GA 31521-0857 within fifteen (15) days following the Court's approval of the JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL WITH PREJUDICE. The two remaining payments in the amount of Four Thousand Dollars ($4,000.00) each, shall be made within thirty (30) days of the previous payment;

   b.   To Plaintiff's attorney, W. Douglas Adams, in the amount of Six Thousand Nine Hundred Fifty and 00/100 ($6,950.00), for attorney fees ($6,500.00) and costs ($450.00), (IRS Form 1099 to be issued to Plaintiff's attorneys following receipt by Defendant of IRS Form W-9 representing that Plaintiff's attorneys are not subject to backup

withholding). Said payment will be made in three installments. The first payment of Two Thousand Three Hundred Fifty Dollars ($2,350.00) shall be delivered to Plaintiff's attorney, W. Douglas Adams, P.O. Box 857, Brunswick, GA 31521-0857 within fifteen (15) days following the Court's approval of the JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL WITH PREJUDICE. The two remaining payments in the amount of Two Thousand Three Hundred Dollars ($2,300.00) each, shall be made within thirty (30) days of the previous payment;

which Plaintiff acknowledges to represent a full and complete settlement, Plaintiff does hereby fully and forever surrender, release, acquit and discharge Defendant and its current and former owners, agents, affiliates, managers, supervisors, employees, attorneys, representatives, successors and assigns, personally and in their individual, corporate and official capacities, and any related entities, subsidiaries, divisions, and their respective current and former owners, agents, affiliates, managers, supervisors, employees, attorneys, representatives, insurers, successors and assigns, personally and in their individual, corporate and official capacities, and every other individual and entity that was, or could have been, named in the Complaint or an amendment to the Complaint, of and from any and all claims, charges, actions, causes of action, demands, rights, damages, debts, contracts, claims for costs or attorneys' fees, expenses, or compensation, with regard to Plaintiff's claims for wages and damages arising under her employment arising on or before the effective date of this Settlement Agreement and Release, specifically those claims arising out of, under, or by reason of any and all claims under the Fair Labor Standards Act which were or could have been asserted in the Complaint. This release of rights is knowing and voluntary. Plaintiff also covenants and agrees that this Agreement will not be final until the Court approves the dismissal of the case pursuant to the JOINT STIPULATION OF DISMISSAL WITH PREJUDICE, which Plaintiff's attorney will cause to be filed following the execution of this agreement.

2. Plaintiff further agrees, promises and covenants that neither she nor any person, organization or any other entity acting on her behalf will file, charge, claim, sue or cause or permit to be filed, charged, claimed, or sued, any action for damages or other relief (including injunctive, equitable, declaratory, monetary relief or other) against Defendant and its current and former owners, agents, affiliates, managers, supervisors, employees, attorneys, representatives, insurers, successors and assigns, personally and in their individual, corporate and official capacities, and any related entities, subsidiaries, divisions, and their respective current and former owners, agents, affiliates, managers, supervisors, employees, attorneys, representatives, successors and assigns, personally and in their individual, corporate and official capacities, involving any matter covered by the Fair Labor Standards Act occurring in the past up to the date of this Settlement Agreement and Release, or involving any continuing effects of actions or practices which arose under the Fair Labor Standards Act prior to the date of this Settlement Agreement and Release. Plaintiff acknowledges and agrees that this Settlement Agreement and Release shall serve as a complete defense to any such action filed in violation of the provisions of this paragraph.

3. Plaintiff represents and warrants that she has not assigned or sold, or in any way disposed of his claims hereby released, or any part thereof, to anyone and that she will save and hold Defendant harmless of and from any claims, actions, causes of action, demands, rights, damages,

costs and expenses, including reasonable attorneys' fees, arising from a complete or partial assignment of the claims hereby released.

4.      Plaintiff covenants and agrees to indemnify and hold Defendant harmless for any additional sums, including, but not limited to, liabilities, costs, and expenses, including reasonable attorneys' fees, as the result of any claim(s) for attorneys' fees which may at any time be asserted against Defendant by Plaintiff's counsel or another party, on account of or in connection with the claims asserted in her Complaint or this Agreement. Defendant has the sole and exclusive right to select counsel to defend any such claim(s).

5.      Plaintiff acknowledges that she is relying on no representations or warranties by Defendant that the payments made pursuant to this agreement or any portion thereof are properly excludable from taxable income. Rather, Plaintiff has been advised to seek advice from professional advisors of her choosing regarding tax treatment of this settlement. Plaintiff further covenants and agrees to hold Defendant harmless for any additional sums, including, but not limited to, costs and expenses, including reasonable attorney's fees, liabilities, interest, and penalties incurred by Plaintiff as a result of the tax treatment which Plaintiff accords to the payments made to him pursuant to this Settlement Agreement and Release or as the result of any of said payments being made without being subjected to withholdings.

6.      In connection with the waivers in Paragraph 1 of any and all claims that Plaintiff has or may have on the date hereof, Plaintiff makes the following acknowledgments:

   (a)   By signing this Settlement Agreement and Release, Plaintiff waives all claims against Defendant and its current and former owners, agents, affiliates, managers, supervisors, employees, attorneys, representatives, insurers, successors and assigns, personally and in their individual, corporate and official capacities, and any related entities, subsidiaries, divisions, and their respective current and former owners, agents, affiliates, managers, supervisors, employees, attorneys, representatives, successors and assigns, personally and in their individual, corporate and official capacities, for alleged violations of any legal duty owed to said Plaintiff under the Fair Labor Standards Act.

   (b)   In consideration of the waivers made by Plaintiff under this Settlement Agreement and Release, Plaintiff and her counsel will be receiving the settlement payments described in Paragraph 1 of this Settlement Agreement and Release within 15 business days following the Court's dismissal.

   (c)   PLAINTIFF has consulted with her attorney prior to executing this Settlement Agreement and Release and has been advised by his attorney.

7.      Plaintiff and Defendant understand and agree that this Settlement Agreement and Release is not to be construed as an admission of liability on the part of Defendant. It is further understood that Plaintiff is not in any legal sense a "prevailing party" in connection with his claims against Defendant under the Fair Labor Standards Act.

8. This Settlement Agreement and Release shall be binding upon Plaintiff and her heirs, administrators, executors, successors and assigns, and shall insure to the benefit of Defendant and its current and former owners, agents, affiliates, managers, supervisors, employees, attorneys, representatives, insurers, successors and assigns, personally and in their individual, corporate and official capacities, and any related entities, subsidiaries, divisions, and their respective current and former owners, agents, affiliates, managers, supervisors, employees, attorneys, representatives, successors and assigns, personally and in their individual, corporate and official capacities.

9. This Settlement Agreement and Release is made and entered into in the State of Georgia, and shall in all respects be interpreted, enforced and governed under the laws of said State.

10. Should any provision of this Settlement Agreement and Release be declared or be determined by any court to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of this Settlement Agreement and Release.

11. As used in this Settlement Agreement and Release, the singular or plural number shall be deemed to include the other whenever the context so indicates or requires.

12. This Settlement Agreement and Release may be executed in multiple counterparts, each of which will be deemed an original, but which together will be deemed one instrument.

**READ THIS AGREEMENT CAREFULLY BEFORE SIGNING.
IT INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

FOR PLAINTIFF:

_/s/ Jennifer Johnson_  2-26-2021
Jennifer Johnson          Date

FOR DEFENDANT:

_/s/ Eric W. Friedrich, II_  2/25/21
Eric W. Friedrich, II     Date
Owner